```
 1  ERIC BRIAN ROSENBERG                                FILED
    4002 Lacroux Court
 2  Ocean Springs, MS 39564                         FEB 1 0 2014
                                                  TERRY MILLER, CLERK
 3  (978) 317-0960                                 By _____
```

# IN THE CHANCERY COURT OF JACKSON COUNTY
# IN THE STATE OF MISSISSIPPI

| | | |
|---|---|---|
| ERIC BRIAN ROSENBERG, | ) | CAUSE NO.: |
| Plaintiff, | ) | 2014-0291 JB |
| vs. | ) | COMPLAINTS FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT, VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, DEFAMATION OF CHARACTER, LIBEL, SLANDER, RECKLESS CONDUCT, AND FALSE LIGHT |
| COAST COLLECTION AGENCY INC, | ) | |
| Defendant | ) | |

COMES NOW, the PLAINTIFF ERIC B. ROSENBERG and alleges and complains as follows:

Page 1


EXHIBIT A

## PLAINTIFF'S COMPLAINT

1. This action is brought by the Plaintiff, ERIC B. ROSENBERG, for actual and statutory damages, legal fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA") and for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA").

2. The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Mississippi state laws set forth herein.

## JURISDICTION AND VENUE

3. Venue is proper in that the Defendant transacts business here and the Plaintiff resides here. The Plaintiff, ERIC B. ROSENBERG, is a resident and citizen of the State of Mississippi, Jackson County, and is over the age of twenty-one (21) years. The Defendant, COAST COLLECTION AGENCY INCORPORATED, is a Mississippi corporation whose registered agent is located at 1807 Ingalls Ave, Pascagoula, MS 39567, which is also the Defendant's place of primary business.

## Facts

4. On or around May of 2013, Plaintiff made a routine check of his credit reports with the three major credit bureaus, Experian, Transunion, and Equifax. Plaintiff noticed thirteen collection accounts on his Equifax report, placed by COAST COLLECTION AGENCY. All entries, except one, were for amounts under $100. The total amount of all thirteen entries was $752.00.

5. Plaintiff immediately called Defendant to see what these entries were relating to. An employee by the name of Lynn Davis told Plaintiff the charges were for doctors visits in Florida. Plaintiff asked for the name of the original creditor and was told it was the McKesson Corporation of Jacksonville, Florida. Plaintiff explained he had never lived or seen a doctor in Florida. Defendant told Plaintiff the debts were his and he should pay them immediately or they will take Plaintiff to court. Plaintiff explained some of the debts listed were past the statute of limitations, according to Mississippi state law. Defendant disagreed. No lawsuit was filed by Defendant against the Plaintiff.

6. Plaintiff then sent a letter to Defendant asking for validation of the debts. Defendant failed to respond to the letter, so Plaintiff filed a dispute with Equifax. Defendant verified the debt with Equifax and the entries remained on Plaintiff's credit report.

7. On February 3, 2014, Plaintiff went to Defendant's place of business in Pascagoula, MS and requested validation in person. Defendant refused. Plaintiff asked if the debt could be paid to the original creditor, if one actually existed, and was told by Defendant the debt could either be paid to COAST COLECTION AGENCY or in person in Jacksonville, FL.

8. On February 4, 2014, Plaintiff went to Singing River Hospital in Ocean Springs, MS to see if they had any knowledge of the accounts. The cashier showed Plaintiff a list of ten (10) accounts that matched ten of the thirteen (13) accounts listed on Plaintiff's credit report by Defendant. Plaintiff then paid Singing River Hospital in full, via credit card, and received a receipt showing all accounts owed to Singing River Hospital were paid in full.

9. The same day, Plaintiff took that receipt to COAST COLLECTION AGENCY, along with a letter demanding the entries to the credit reporting bureaus be updated. Defendant refused to acknowledge the payments, stating they would only update or remove the entries if payment was made to them. Plaintiff asked again for validation of the account and attempted to give Defendant a letter asking for full validation and relationship status between COAST COLLECTION AGENCY and the original creditor. Defendant refused to validate and accept the paid in full receipt or validation letter.

10. Plaintiff then notified Defendant they were reporting inaccurate and defamatory information to Equifax and the negative and inaccurate information was causing him immediate harm. Plaintiff repeatedly requested the inaccurate and defamatory information be retracted. Plaintiff said he would use the court system if necessary and asked for the address of the corporation's registered agent. A Dennis Dunn emerged from the back and told Plaintiff he would not divulge that information.

11. **The inaccurate information reported on Plaintiff's Equifax credit report is ruining the Plaintiff's otherwise nearly perfect credit history and causing harm to the Plaintiff.** The Defendant has negligently, willfully and maliciously published and communicated false and defamatory statements regarding the Plaintiff and said statements have subjected the Plaintiff to credit denials, ridicule, harmed his reputation, caused the Plaintiff physical sickness such as anxiety, loss of sleep, nervousness, mental anguish and emotional distress, and caused Plaintiff to incur time, trouble, aggravation, legal fees, and out of pocket expenses to in an attempt to correct his credit reports.

## FIRST CAUSE OF ACTION FOR VIOLATIONS TO THE FAIR CREDIT REPORTING ACT

12. COAST COLLECTION AGENCY violated 15 U.S.C § 1681s-2(b)(1)(A) by failing to conduct an investigation after receiving notice that the Plaintiff disputed the information COAST COLLECTION AGENCY provided to a consumer reporting agency.

13. COAST COLLECTION AGENCY violated 15 U.S.C § 1681s-2(b)(1)(B) by failing to review all relevant information provided pursuant to 15 U.S.C § 1681i.

14. COAST COLLECTION AGENCY violated 15 U.S.C § 1681s-2(b) by failing to conduct an investigation as to the accuracy of the information reported by each consumer reporting agency.

15. COAST COLLECTION AGENCY violated 15 U.S.C § 1681s-2(b)(2) by failing to complete investigations, reviews, and reports required under § 1681s-2(b)(1) within 30 days.

16. COAST COLLECTION AGENCY violated 15 U.S.C § 1681s-2(b)(1)c by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any, to the consumer reporting agency.

17. COAST COLLECTION AGENCY violated 15 U.S.C § 1681s-2(b)(1)(D) by failing to notify all consumer reporting agencies that the reporting of the debt was inaccurate, incomplete, false, and misleading.

18. As a result of the above mentioned conduct, Plaintiff suffered the damages set out in paragraph 11 above and 20 below.

## SECOND CAUSE OF ACTION FOR DEFAMATION, LIBEL, SLANDER

19. The Plaintiff hereby adopts the averments and allegations of all paragraphs above herein before as if more fully set forth herein and adds thereto the following:

20. The Defendant has negligently, willfully and maliciously published and communicated false and defamatory statements regarding the Plaintiff and said statements have subjected the Plaintiff to credit denials, ridicule, harmed his reputation, caused the Plaintiff physical sickness such as anxiety, loss of sleep, nervousness, mental anguish and emotional distress, and caused Plaintiff to incur time, trouble, aggravation, legal fees, and out of pocket expenses to in an attempt to correct his credit reports.

21. At the time said communications were made, the Defendant knew, or should have known, the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and maliciously communicated the falsity.

22. As a proximate result of the intentional communications, defamation, libel, and slander, the Defendant has caused the Plaintiff to suffer the damages set out in the paragraphs above, for which he claims compensatory and punitive damages.

23. Said communications were oral and/or written.

## THIRD CAUSE OF ACTION PLACED IN FALSE LIGHT

24. The Plaintiff adopts the averments and allegations of all paragraphs above hereinbefore as if more fully set forth herein and adds thereto the following:

25. The Defendant has negligently, willfully and maliciously published information which put the Plaintiff in a false light and subjected him to public ridicule, damage to credit reputation, physical sickness, and mental anguish and emotional distress.

26. The conduct of the Defendant was objectionable to the Plaintiff and to any reasonable person. The Defendant's actions were negligent, willful or reckless and resulted in the Plaintiff being unreasonably placed in false light. The Plaintiff had previously advised that the information they were reporting to third parties was erroneous.

27. As a result of the Defendant's acts and omissions, the Plaintiff has suffered actual and compensatory damages as set out in paragraphs 11 and 20 above, for which he seeks compensatory and punitive damages.

## FOURTH CAUSE OF ACTION FOR RECKLESS AND WANTON CONDUCT

28. The Plaintiff adopts the averments and allegations of all paragraphs above hereinbefore as if fully set forth herein.

29. Defendant recklessly and wantonly failed to determine the accuracy of Plaintiff's claims that he did not owe the debt being reported by Defendant and/or that he did not have an outstanding charge on the accounts.

30. Defendant willfully, recklessly and/or wantonly verified incomplete or inaccurate information related to Plaintiff's debt as a matter of practice of collecting debts even though the information they had was insufficient to determine the accuracy of the debt or veracity of Plaintiff's dispute.

31. Defendant willfully, recklessly and/or wantonly continued reporting the negative and defamatory information about Plaintiff's account in an attempt to harass and coerce Plaintiff to pay a disputed debt that he did not owe.

32. Defendant recklessly and wantonly failed to adopt policies or procedures to govern its actions concerning the following:

(A) To prevent the reporting of negative, inaccurate and derogatory credit information without sufficient account information to verify the accuracy of the information once a dispute is received or evidence is supplied that verifies the debt is no longer outstanding.

(B) To make certain that the information disseminated to others (including the national credit

Page 5

bureaus and those credit grantors likely to use the information provided by those bureaus), is not false, neither libelous nor slanderous, and rises to the level of maximum accuracy.

(C) To thoroughly and completely investigate the charges by the consumer that their debt had been paid in full before continuing t report the debt was outstanding to the national credit reporting bureaus.

33. Defendant recklessly and wantonly failed to hire, train, and/or supervise its employees on its practices, policies or procedures concerning the following:

(A) The thorough and complete investigation of allegations from a consumer that their debt has been paid in full and is no longer outstanding or otherwise being reported inaccurately.

(B) To make certain that the information disseminated to others (including the national credit bureaus and these credit grantors likely to use the information provided by those bureaus) is not false, neither libelous nor slanderous, and rises to the level of maximum accuracy.

(C) To prevent the reporting of negative and derogatory credit information without sufficient account information to verify the accuracy of the information once a dispute by the consumer is received or communicated.

34. As a result of Defendant's reckless and wanton conduct the Plaintiff suffered the damages set out in paragraphs 11 and 20 above, for all of which he claims compensatory and punitive damages.

## FIFTH CAUSE OF ACTION FOR VIOLATIONS TO THE FAIR DEBT COLLECTIONS PRACTICES ACT

35. The Plaintiff adopts the averments and allegations of all paragraphs above hereinbefore as if more fully set forth herein and adds thereto the following:

36. Defendant engaged in collection activities and practices in violation of the Fair Debt Collection Practices.

37. Defendant made false representation regarding the character, amount, or legal status of the debt in violation of § 1692e(2)(A).

38. Defendant communicated credit information to a third party which was known or which should have been known to be false or inaccurate in violation of § 1692e(8).

39. Defendant failed to communicate that a disputed debt was disputed in violation of § 1692e(8).

40. Defendant violated § 1692f by using unfair and/or unconscionable means to attempt to collect a debt by reporting damaging and inaccurate information to credit bureaus in an

Page 6

attempt to coerce payment of a debt.

41. Defendant used false representations and/or deceptive means to collect or attempt to collect a debt in violation of § 1692e(10) by reporting damaging and inaccurate information to credit bureaus.

42. As a result of Defendant's conduct the Plaintiff suffered the damages set out in paragraphs 11 and 20 above, for all of which he claims compensatory and punitive damages.

## AMOUNT OF DEMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendants as follows:

A. Compensatory and punitive damages from the Defendant for their violations of FCRA;
B. Actual damages from the Defendant pursuant to 15 U.S.C. § 1681n(a)(1)(A);
C. Cost and reasonable legal fees from the Defendants pursuant to 15 U.S.C. § 1681n(a)(3);
D. Declaratory judgment that Defendant violated the FDCPA;
E. Actual damages from Defendant for violation of the FDCPA;
F. Statutory damages for each violation from Defendant pursuant to 15 U.S.C. § 1692k;
G. Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. § 1692k;
H. Compensatory and punitive damages against Defendant for the Plaintiff's state law claim in an amount to be determined by a jury;
I. Order instructing Defendant to remove erroneous information from Plaintiff's credit file;
J. Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 10th day of February, 2014 by:

Eric Brian Rosenberg
Plaintiff pro per