IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ERIC BRIAN ROSENBERG**                                  **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 1:14-cv-00122-LG-JCG**

**COAST COLLECTION AGENCY, INC.**                     **DEFENDANT**

### DEFENDANT, COAST COLLECTION AGENCY'S, MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AND SEAL RELATED EXHIBITS

This Memorandum is submitted in support of a Motion by the Defendant, Coast Collection Agency ("CCA"), seeking to enforce the settlement announced to the Court by Plaintiff's counsel, Albert Pettigrew ("Mr. Pettigrew") on August 12, 2014.

### RELEVANT FACTUAL BACKGROUND

This case was commenced by the filing of the Plaintiff, Mr. Rosenberg's, supposedly *pro se* Complaint against CCA, a hospital debt collection agency, disputing his liability for certain unpaid bills owed to Singing River Hospital, and CCA's related collection and credit reporting activities. CCA responded with a counterclaim against Mr. Rosenberg for fraud, defamation and damages.

On August 12, 2014, Mr. Albert Pettigrew, representing the Plaintiff, and Mr. William Westbrook, representing CCA, agreed in a telephone conversation to settle the parties' opposing claims against each other on a confidential basis. *The plaintiff, Mr. Rosenberg, was not a party to that conversation.* Mr. Pettigrew's unilaterally August 12, 2014 settlement announcement was acknowledged by the Court in the following Notice posted on the Court's ECF system at 11:48 AM on August 12, 2014:

> NOTICE of Settlement by All Parties per telephone call received from Albert H. Pettigrew, Jr., counsel for Plaintiff. The parties will submit an Agreed Order of Dismissal to Judge Guirola with the Court retaining jurisdiction of the case to enforce the settlement agreement

by Tuesday, August 26, 2014. (AB)

Mr. Pettigrew placed his call to the Court without first verifying the terms and conditions of the settlement in writing with Mr. Westbrook, or without waiting on Mr. Westbrook to verify the terms and conditions of the settlement in writing. Conventionally filed Exhibit A to the accompanying motion is a series of e-mails exchanged between Mr. Westbrook and Mr. Pettigrew between August 13 and August 20, 2014, in which Mr. Westbrook attempted, so far without success, to close the settlement which Mr. Pettigrew agreed to on August 12. Conventionally filed Exhibit B is a letter and enclosures prepared and e-mailed by Mr. Westbrook to Pettigrew on August 19, 2014 tendering a proposed Settlement Agreement and Agreed Order, consistent with the terms of settlement agreed upon.

The 26 pages of Exhibit A have circled handwritten page numbers in the lower right hand corner of each page. Page 2 is the text of Mr. Westbrook's August 13 e-mail stating the terms agreed to in the August 12 conversation. The 5 numbered subparagraphs at the top of page 14 were represented by Mr. Pettigrew on the next day, August 14, to be his "contemporaneous notes [of] our agreement," of August 12. The terms described in Mr. Pettigrew's 5 numbered paragraphs on page 14 of Exhibit A correspond with the following numbered paragraphs in the proposed Settlement Agreement beginning on pages 4-6 of Exhibit B (pages 1-3 of the Settlement Agreement):

| Exhibit A, page 14 | Exhibit B, p. 4  Settlement Agreement Paragraph |
|---|---|
| ¶ 1 | ¶¶'s 4,5,6,8 |
| ¶ 2 | ¶¶'s 1,2 |
| ¶ 3 | ¶¶'s 3,7 |
| ¶ 4 | ¶ 9 |

¶ 5						¶ 7

Instead of closing the settlement, Mr. Pettigrew, since August 14, has dodged the issue and asserted that his non-lawyer client, Mr. Rosenberg, considers CCA's August 13 confirmation of terms to be a "proposed substitution agreement," which Mr. Rosenberg refused to agree to. CCA has made it clear that it is not negotiating a "substitution agreement," or anything else that was not agreed to by Mr. Westbrook and Mr. Pettigrew in the August 12 confirmation, as confirmed by both counsel in the August 13 and August 14 e-mails described above.

In order to resolve this impasse, the issue to be decided by the Court is whether the plaintiff, Mr. Rosenberg, is bound by the actual terms and conditions of the settlement negotiated and agreed to by his attorney of record, Mr. Pettigrew on August 12, as confirmed in the e-mails exchanged by opposing counsel on August 13 and 14, and whether Mr. Rosenberg should be ordered to sign and approve, or be deemed to have approved the August 19 proffered settlement documents without further delay or evasion.

**APPLICABLE STANDARDS**

A settlement agreement is simply a particular type of contract. E.g., *Guidry v. Halliburton Geo. Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992). "Regarding defendant's request for judicial enforcement of the settlement agreement, the law is clear that a trial court has the power to summarily enforce such an agreement entered into by the litigants while the litigation is pending before it." *Kazery v. City of Jackson,* 998 F. Supp. 705, 707 (S.D. Miss. 1998) citing *Mass. Cas. Ins. Co. v. Forman*, 469 F.2d 259, 260 (5th Cir. 1972).

**DISCUSSION**

In *Mills v. Sowell,* 80 So. 3d 842, 843 (Miss. Ct. App. 2012), a personal injury plaintiff appealed from an order of the trial court mandating that she sign a settlement agreement which was agreed to by her attorney. Finding no abuse of discretion the Mississippi Court of Appeals affirmed the order under circumstances which are indistinguishable from those before this Court, except that in *Mills*, the plaintiff's own attorney, Walker, was forced to file a motion to compel his own client to accept the settlement which he negotiated. In the case at bar, CCA is the moving party because Mr. Pettigrew will not, or is unable to secure Mr. Rosenberg's signature on the settlement documents accurately reflecting the terms and conditions agreed upon by opposing counsel.

In *Mills*, the trial court found, under *Parmley v. 84 Lumber Co.*, 911 So. 2d 569 [844] (Miss. Ct. App. 2005), that Walker had the authority to bind Mills to the settlement agreement. The Court of Appeals agreed, 80 So. 3d 843-44 (¶ 6), noting that in *Parmley*, the Court of Appeals stated that "[a]n attorney is presumed to have the authority to speak for and bind his client." *Id*. at 573 (¶19) (citing *Fairchild v. Gen. Motors Acceptance Corp.*, 254 Miss. 261, 179 So. 2d 185, 187 (1965)). The Court of Appeals in *Parmley*, further held:

> Whether or not the attorney has agreed to a settlement on behalf of the client is a question of fact. The trial judge as trier of fact found that Parmley's attorney did extend offers of settlement on behalf of his client, which were accepted by the Appellees. There is substantial credible evidence in the record to support that finding.

*Id.* (internal citation omitted).

As the Mississippi Supreme Court recently found in *Illinois Central Railroad Co. v. Byrd*, 44 So. 3d 943, 947 (¶9) (Miss. 2010);

> A review of this Court's cases reveals that trial judges presented with motions to enforce settlement agreements customarily make findings of fact related to the existence and/or terms of the settlement agreements as necessary to rule on the motions to enforce settlement.

> Further, this Court has not found such trial-court action to be improper. See, e.g., *Ill. Cent. R.R. v. McDaniel*, 951 So. 2d 523, 525-26 (Miss. 2006) (trial judge made findings of fact in deciding plaintiffs' motion to enforce settlement agreement); *Howard v. TotalFina E & P USA, Inc.*, 899 So. 2d 882, 888-89 (Miss. 2005) (trial judge made findings of fact regarding existence of a settlement agreement in denying plaintiff's motion to enforce settlement agreement); *Tupelo Redevelopment Agency v. Abernathy*, 913 So. 2d 278, 282-85 (Miss. 2005) (trial judge made findings of fact in denying defendant landowners' motion to enforce settlement agreement); *WRH Props., Inc. v. Estate of Johnson*, 759 So. 2d 394, 395 (Miss. 2000) (trial judge made findings of fact regarding existence of a settlement agreement in granting defendant's motion to enforce settlement agreement).

44 So. 3d, 947 (¶9).

Here, as in *Mills*, it is undisputed that Mr. Pettigrew was acting as Mr. Rosenberg's attorney on August 12 when he agreed to settle this matter on Mr. Rosenberg's behalf, so there is no question that an agreement to settle the case between counsel was reached on August 12.

There is also no question that even though Mr. Pettigrew did not confirm the terms of that settlement in writing to Mr. Westbrook, or await receipt of Mr. Westbrook's written confirmation of those terms before making his settlement announcement to the Court, Mr. Pettigrew produced what he represented to be his cursory contemporary written "notes" which are not materially different from and are consistent with Mr. Westbrook's synopses.

However, Mr. Rosenberg apparently refuses to be bound by the terms of his attorney's agreement, and continues to insist upon additional terms and conditions which were not discussed or agreed upon in the August 12 discussion between counsel. Consequently, this is just like the situation before this court in *Kazery,* where the settling plaintiff similarly "refused to execute the release agreement and other settlement papers only because of the actions of his creditors....," who were non-parties to that case. In *Kazery*, the Court had no difficulty in granting the defendant's motion to enforce the settlement agreement, and this Court should do likewise to put an end to Mr. Rosenberg's time wasting equivocation.

To preserve the confidentiality of the e-mails confirming the settlement terms, and the Settlement Agreement reflecting those terms, CCA has further moved the Court to seal those e-mails and the settlement agreement. The Fifth Circuit reviews a district court's decision to seal the settlement agreement for abuse of discretion. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). In *Seals v. Herzing Inc. - New Orleans*, 482 Fed. Appx. 893, 896 (5th Cir. 2012), the Fifth Circuit, affirmed the entry of an order sealing a settlement agreement under identical circumstances, observing:

> "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." [quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)]. However, "the right to inspect and copy judicial records is not absolute," and "[e]very court has supervisory power over its own records and files." [*Id*., at 598]. Here, paragraph six of the Confidential Consent Award states, "All parties to the litigation and arbitration and their attorneys agree to keep the amounts and terms of the settlement confidential. Claimant understands and agrees that this confidentiality and non-disclosure agreement was a material inducement for Herzing to enter into this Agreement, and that it has value to Herzing." In light of the parties' agreement to maintain confidentiality, the express statement that confidentiality was a material inducement for Herzing to settle, the fact that "public policy favors voluntary settlements," [*Bass v. Phoenix Seadrill*/78, Ltd., 749 F.2d 1154, 1164 (5th Cir. 1985).] and the limitation of the district court's order to these three exhibits, we conclude that the district court did not abuse its discretion in ordering these exhibits sealed.

482 Fed. Appx. 893, 896.

Both the opposing summaries of the settlement terms and the Settlement Agreement itself recite that the parties agreed to maintain the confidentiality of the settlement terms. Therefore, the motion to seal the exhibits to CCA's accompanying motion is well taken and should be granted.

## CONCLUSION

For these reasons, it is respectfully submitted that CCA's Motion to Enforce the Settlement Agreement and to Seal Exhibits A and B to the related motion is well taken and should be granted. In the event that the motion is granted in whole or in part, CCA further moves the Court for leave

to submit a request for reimbursement of its reasonable attorneys fees and expenses incurred in the preparation of the related motion and this memorandum.

Respectfully submitted, this the 21st day of August, 2014.

              COAST COLLECTION AGENCY, INC.

       BY:   PAGE, MANNINO, PERESICH
             & McDERMOTT, P.L.L.C.

             /s/ William V. Westbrook, III
             WILLIAM V. WESTBROOK, III
             (MSB Bar No. 7119)
             Page, Mannino, Peresich & McDermott, P.L.L.C.
             2408 14th Street
             Gulfport, MS 39501-2019
             Telephone: 228-868-8999
             Facsimile: 228-868-8940
             cwestbrook@PMP.org

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing ***Defendant Coast Collection Agency's Memorandum in Support of Motion to Enforce Settlement and Seal Related Exhibits*** was forwarded, via ECF notification to the following:

Albert H. Pettigrew, Jr.
401 Inverness Ct.
Ocean Springs, MS 39564
albertpettigrew@bellsouth.net

Attorney for Plaintiff

So certified this the 21st day of August, 2014.

                              /s/ William V. Westbrook, III
                              WILLIAM V. WESTBROOK, III