IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI, SOUTHERN DIVISION

**ERIC BRIAN ROSENBERG**   **PLAINTIFF**

**VERSUS**   **CIVIL ACTION NO. 1:14-CV-00122-LG-JCG**

**COAST COLLECTION AGENCY, INC.**   **DEFENDANT**

**Reply to Defendant's Response to Motion to Withdraw**

COMES NOW Albert Pettigrew, attorney of record for the PLAINTIFF, Eric Brian Rosenberg, and makes this his memorandum in support of his [#49] motion for leave to withdraw and in reply to [#50] response of Defendant in the above styled and numbered case, and would show the following, to-wit:

## Summary

1. The motion to withdraw should be granted without conditions. Plaintiff was properly served a copy of the motion and has not objected. It is supported by sufficient cause because Plaintiff requested his attorney to withdraw. Defendant's response does not justify placing conditions on withdrawal. Defendant's response has unduly caused Plaintiff additional expense and wasted scarce judicial resources. Further, Defendant is entitled to no relief in his response because a response to a motion may not include a counter-motion in the same document. L. R. 7(b)(3)(C).

# Facts

2. On August 12, the parties verbally agreed to settle. They had until August 26, to provide the Court an agreed dismissal order per Court's order dated August 12, 2014. Thereafter a dispute arose as to the terms, and the parties negotiated. On August 15, 2014, the Defendant requested a conference with the Court which was set for August 21, 2014, nine days after the parties verbally agreed. On August 21, 2014, about 4 hours before the conference, Defendant filed a motion to enforce settlement agreement and a few minutes prior to the conference, Plaintiff signed a proposed compromise agreement. On August 21, 2014, the Court then ordered, " finding as moot [46] Motion to Enforce Settlement and [46] Motion to Seal. The parties agreed to all terms of settlement in the telephonic conference with the Court on 8/21/14. The parties shall submit a proposed agreed order of dismissal with prejudice to the Court via chambers e-mail on or before 8/26/14. NO FURTHER WRITTEN ORDER WILL ISSUE FROM THE COURT." On August 22, 2014, an agreed partial order of dismissal was presented to the Court for approval which was approved by the Court with a modification reducing the time for closing the case to six months. Ct. Doc. 48. The Defendant has yet to return to Plaintiff a copy of the settlement agreement executed by Defendant. On August 25, Movant informed Plaintiff that he is closing his file because the case is concluded.

3. On September 16, Plaintiff wrote Defendant requesting removal of certain collection items from a credit history, and Defendant's attorney then notified Plaintiff's attorney that the actions had been completed. Ex. A2. Then on September 16, 2014, Movant emailed a proposed withdrawal order to Defendant's counsel. Ex. A3. In relevant part, the email stated,

2

"My representation of Mr. Rosenberg has concluded and I had not considered that the case remains open on the books. Please sign and return the attached order allowing me to withdraw." A copy of the email was sent to Plaintiff. Defendant's attorney responded without returning a signed order by writing in his email, "Ordinarily, I wouldn't hesitate to sign your proposed order. However, because the court has retained jurisdiction to enforce the settlement and you are still his attorney until released by the Court, please explain what this means to your client as well as the potential consequences of violating the settlement agreement." Ex. A4. Movant responded on September 16, asking "Does CCA allege there has been a breach of agreement? [Ex. A5]", and Defendant has not replied. Thereafter, on September 16, 2014, Plaintiff requested that Movant file a motion to withdraw. Ex. B. On September 17, 2014, Movant filed his motion to withdraw at 09:23 AM [Ct. Doc. 49] and Defendant filed a response in opposition to Movant's motion to withdraw [Ct. Doc. 50] approximately five hours later at 14:16 PM; and in response to Movant's sending a proposed withdrawal order to the Judge in accordance with the rules, Defendant emailed the Judge at 16:25 PM stating, "I object to Mr. Pettigrew's motion to withdraw for reasons stated in the response filed earlier this afternoon." Ex. A6. Plaintiff has until October 1, 2014, to respond to Movant's motion, and Movant has until September 24, 2014 to reply to Defendant's response. L.U.Civ.R. 7(b)(4). As of September 23, 2014, Plaintiff has not objected and he is not expected to object since the motion was made at his request. Ex. B.

3

# Analysis

## Sufficient Service of Motion

4. L.U.Civ.R. 83.1(b)(3) provides:

> **Withdrawal by Attorneys.** When an attorney enters an appearance in a civil action, he or she must remain as counsel of record until released by formal order of the court. An attorney may be released only on motion signed by the client(s) or upon a duly noticed motion to all parties, including the client and presented to the judicial officer to whom the case is assigned, together with a proposed order authorizing counsel's withdrawal

On September 17, 2014, Movant filed his motion to be released. His motion is in accordance with the rule. The parties were served copies. Defendant was served a copy by electronic filing, and Plaintiff was served a copy of the motion by first class mail. Further, a proposed order has been sent to the Court. As evidence of compliance regarding service on the parties, Movant relies on the certificate of service in the motion to withdraw [Ct. Doc. 49) which states:

> Certificate of Service
> I hereby certify that on September 17, 2014 I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:
>
> Coast Collection Agency, Inc. by service on its attorney William V. Westbrook, III
>
> and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: Eric Rosenberg at his usual address of 4002 Lacroux Ct., Ocean Springs MS 39564.
> /s/ Albert H. Pettigrew

Defendant cites <u>Davis v. City of Shelby</u>, 2014 U.S. Dist. LEXIS 36676*25, fn 1 (N.D. Miss. Feb. 19, 2014) as an example when a motion to withdraw was denied because of counsel's failure to adhere to the procedural requirements of L. U. Civ. R. 83.1(b)(3).

4

However, the case is not applicable since Movant's motion was in compliance with R. 83.1.

### Notice of Defendant's objection to Motion

5. Movant's motion sufficiently informed the Court that Defendant objected to the motion despite Defendant's response that he has not yet decided whether to agree. On September 16, Movant provided Defendant a proposed withdrawal order [Ex. A3]. That day, Defendant responded failing to sign and return Movant's proposed withdrawal order. Ex. A4. Instead, on Defendant's response was to propose a condition that Movant would have to satisfy in order to obtain Defendant's agreement. Defendant's response stated: "Ordinarily, I wouldn't hesitate to sign your proposed order. However, because the court has retained jurisdiction to enforce the settlement and you are still his attorney until released by the Court, please explain what this means to your client as well as the potential consequences of violating the settlement agreement.". Ex. A4. The failure to sign and return the proposed order combined with the words following, "Ordinarily," in the reply constitutes a refusal by Defendant to agree unless Movant first admonish Plaintiff. Then, on September 17, Defendant filed a response to the motion in opposition to Movant's motion, and emailed the judge that it objected to the motion. Ex. A6.

## Sufficient Cause for Motion

6.  Turning to the merits, Movant's motion is based on request of the Plaintiff for his withdrawal.  Miss. R. of Prof. Conduct 1.16 requires the Movant to withdraw if he is discharged by the client.  Evidence of the request is at Ex. B where Plaintiff declares that on September 16 he asked Movant to withdraw as Plaintiff's counsel of record.

## Conditions

7.  An order allowing withdrawal should be unconditional.  Para. 11 at Page 4 of Defendant's response erroneously relies upon Carter v. KST Transport, Inc., 3:11cv134-TSL-MTP (S.D. Miss. Jackson Div. 2012)  for the proposition that an order allowing an attorney who has entered an appearance of record can be made subject to certain conditions tailored to the circumstances surrounding the withdrawal request."  The issue in Carter was whether the Magistrate should recommend that the Court grant a motion for default judgment because the defendant did not comply with the Court's order to obtain substitute counsel within 30 days after withdrawal of defendant's attorney. Movant has not found any reported opinion where the Court adopted the Magistrate's recommendation.

8.  In addressing the procedural history, the Magistrate found that counsel for KST filed a Motion to Withdraw and the Court entered an Order granting the motion to withdraw,

suspending all case deadlines for thirty days, and requiring KST to obtain qualified substitute counsel during that thirty day period.  The Magistrate did not find that the Court placed any condition on the attorney for withdrawal.  Also, Carter is in apropos because its requirement for Defendant to obtain a substitute attorney would serve no useful purpose in this case.  There are no remaining deadlines and there are no pending issues regarding enforcement of the settlement agreement.

### Statement of Fact in the Motion

9.  As justification for the motion, Movant's motion states, "Plaintiff has requested that Movant withdraw as counsel of record in the case."  The statement is supported by Plaintiff's declaration at Ex. B and Movant's firsthand knowledge of Plaintiff's communication to him that is described in Ex. B.

### Expense

10.  Defendant alleges Movant's motion caused it unnecessary expense by responding to Movant's motion.  However, Rule 81 requires Movant to file the motion in order to withdraw and Defendant refused to sign an agreed order that would have avoided its expense in responding to the motion.  Further, Defendant was not obligated to respond to or oppose the motion and it does not point to any harm to be suffered by a grant of the motion since there are no other pending matters in the case.

11.  Fed. R. Civ. P. 11 requires that Defendant's response not be presented for any improper purpose such as harassment, cause unnecessary delay, or needlessly increase the cost of

7

litigation.  However, Defendant's response has delayed Movant's withdrawal, caused Plaintiff additional expense by Movant having to reply to Defendant's objection;  and has wasted scarce resources of the court.   Consequently, Plaintiff should be granted all other relief that is proper and just in view of Defendant's response.

### Counter Motion in Defendant's Response

12.  Defendant is entitled to no relief demanded in his response because a response to a motion may not include a counter-motion in the same document.  L. R. 7(b)(3)(C) states: "A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response."   The rule is important because one only has seven days to reply to a response and would have 14 days to reply to a motion.  Further, a counter motion in a response distracts the Court from addressing the issues raised in Plaintiff's motion.

Respectfully submitted, this the 24th day of September, 2014.

/s/ Albert H. Pettigrew

Albert H. Pettigrew, Attorney at Law #4150
401 Inverness Ct., Ocean Springs MS 39564
Telephone and fax 228-875-8736
Email AlbertPettigrew@bellsouth.net

### Certificate of Service

I hereby certify that on September 24, 2014 I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to Coast Collection Agency, Inc. by service on its attorney William V. Westbrook, III and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:  Eric Rosenberg at his usual address of 4002 Lacroux Ct., Ocean Springs MS 39564.

/s/ Albert H. Pettigrew